**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1654-17T4

OUTFRONT MEDIA, LLC,
f/k/a CBS OUTDOOR, LLC,

     Plaintiff-Appellant,

v.

PLANNING/ZONING BOARD
OF THE BOROUGH OF BOGOTA,

     Defendant-Respondent.

_____

> Argued February 7, 2019 – Decided July 19, 2019
>
> Before Judges O'Connor and DeAlmeida.
>
> On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-010670-15.
>
> Louis L. D'Arminio argued the cause for appellant (Price Meese Shulman & D'Arminio PC, attorneys; Louis L. D'Arminio, of counsel and on the briefs; Brian J. Yarzab and Gregory Krikor Asadurian, on the briefs).
>
> Kevin Patrick Kelly argued the cause for respondent Planning/Zoning Board of the Borough of Bogota (Kelly, Kelly, Marotta & Tuchman, attorneys; Kevin Patrick Kelly, on the brief).

Stephen F. Pellino argued the cause for respondent Village of Ridgefield Park (Basile Birchwale & Pellino, LLP, attorneys; Stephen F. Pellino, on the brief).

PER CURIAM

Plaintiff Outfront Media, LLC, formerly known as CBS Outdoor, LLC, sought to construct a billboard on property it leases from a third party. In furtherance of that goal, plaintiff submitted an application to defendant Planning/Zoning Board of the Borough of Bogota (Board) for three conditional use variances pursuant to N.J.S.A. 40:55D-70(d)(3), as well as for final site plan approval. Intervenor Village of Ridgefield Park, which borders Bogota, objected to plaintiff's application.

During the hearing before the Board, plaintiff withdrew its request for two of the three conditional use variances it sought. However, before the hearing on plaintiff's application concluded, the Board determined plaintiff required four variances in addition to the one plaintiff continued to seek. At the conclusion of the hearing, the Board issued a resolution denying plaintiff's application.

Plaintiff filed a complaint in lieu of prerogative writs, challenging the decision in the Board's resolution. In an order dated October 23, 2017, the trial court affirmed the resolution; plaintiff appeals from that order. After a careful

review of the record, we reverse and remand to the Board for further proceedings.

I

We briefly highlight the key facts and address the Board's resolution. Plaintiff is an advertising company that owns and operates billboards. It leases a portion of property located in the B-1 zone of the Borough of Bogota. Also on the property is a two-story commercial building and a parking lot. Plaintiff seeks to install a fourteen-feet wide and forty-eight-feet high[1] free-standing billboard, which would be positioned on a pole fifty-seven feet above the ground. The pole would abut the south side of Interstate Highway Route 80 (Route 80).

One side of the billboard would feature a non-digital advertisement, and the rear of the sign would be painted a "flat" color. Because the intended viewers of any advertisement would be motorists on Route 80, plaintiff intends to angle the billboard so that it will face Route 80 only and not any buildings in the area. The Department of Transportation has granted plaintiff a permit to install the billboard.

---

[1] The Board's resolution incorrectly states the billboard will be "30 feet by 50 feet."

A-1654-17T4

Section 21A-12.6 of the Revised General Ordinances of the Borough of Bogota, 1982 (Ordinances) specifically addresses billboards.  This section states that billboards are permitted as conditional uses on those nonresidential lots that abut the south side of Interstate Highway Route 80 (Route 80), provided certain conditions are met.  Those conditions are set forth in § 21A-12.6(a) to (j).

In addition, § 21A-12.6(j) provides that all billboards shall comply with subsections 21A-13(b), (c), and (d)(1) to (d)(7) of the Ordinances.[2]  Section 21A-13 is the provision in the Ordinances that addresses signs, and § 21A-13(d) is specifically entitled "General Sign Provisions."  It is undisputed plaintiff meets most of the conditions in Sections 21A-12.6 and 21A-13 of the Ordinances, but the Board determined plaintiff did not meet all.  The Board's findings pertaining to those plaintiff did not meet are as follows.

The Board found the proposed billboard will be above the maximum permitted height.  The Board did not state how it arrived at this conclusion.  Subsection 21A-12.6(g) provides that a billboard must comply with the height limitation for the principal structures in a particular zone; it is undisputed the

_____

[2]  Section 21A-12.6(j) actually states that billboards shall comply with subsections "21A-13.1(b). . . (d)(7)[,]" not 21A-13(b) . . . (d)(7)."  (Emphasis added).  The reference to "21A-13.1" appears to be a drafting error, as there is no § 21A-13.1.  Further, there is no dispute the cited provisions of § 21A-13 apply.

4

height limitation for the subject zone is fifty-seven feet. The Board did not explain why the proposed billboard exceeded the permitted height limitation for this zone.

We recognize the Board may have applied subsection 21A-13(d)(5) but, if it did, it did not state how this subsection supported its conclusion the billboard exceeded the maximum permitted height. Subsection 21A-13(d)(5) provides:

> No sign[3] as permitted shall extend or project at any point above or outside the limits of <u>the</u> roof, the highest elevation of the wall to which it is attached, or above the height of the principal building as defined in this chapter. No signs shall be permitted on accessory buildings.
>
> [(Emphasis added).]

First, assuming the Board applied 21A-13(d)(5) when it found the billboard would be too high, the Board did not identify "the roof" above which the billboard may not extend or project. Second, as the billboard will not be attached to a wall, the billboard will not be exceeding or projecting above "the highest elevation of the wall to which it is attached." <u>Ibid.</u>

---

3 The definition of the term "sign" in the Code includes billboards. <u>See</u> 21A-2.

Third, although 21A-13(d)(5) prohibits a billboard from being above the height of the principal building, the Code defines the term "principal building" as a building "situated on a lot in which the principal use is conducted." See § 21A-2 (emphasis added). The Board found that, in addition to the commercial building on the lot, the billboard will constitute a principal use. Thus, while a principle use will be conducted in the commercial building, the principal use will not be. Therefore, the billboard will not exceed the height of the principal building. Fourth, there is no question the billboard will not be on an accessory building.

The Board noted subsection 21A-13(d)(1) states that no sign shall obstruct access to the light and air of any adjacent property or place of business. Without explanation, the Board found plaintiff failed to meet this condition, notwithstanding billboards are conditional uses in the zone and it is axiomatic every billboard will to some extent obstruct access to light or air.

The Board found the billboard would encroach on the rear yard setback and, thus, violate one of the conditions of Section 21A-12.6. It is undisputed the ordinance requires a rear yard setback of seven feet. Plaintiff wanted a 1.2 foot setback, and requested a variance.

A-1654-17T4

During the hearing, plaintiff's expert planner explained plaintiff wanted the pole and billboard placed as close to Route 80 as possible, in order to maximize the billboard's exposure to passing motorists while minimizing the billboard's exposure to properties in proximity to plaintiff's lot, which include a residential zone. To accomplish such goal, the pole and billboard had to be placed at the edge of the rear yard, which is the edge closest to and practically borders the highway. In fact, the pole would be placed against the sound barrier that was constructed to reduce the noise that emanates from traffic on Route 80. There was no evidence a rear yard setback of 1.2 feet would cause any detriment to any person or property, and the rear yard is not being put to any other use. Without providing a reason, the Board denied plaintiff's request for a variance of the rear yard setback requirement.

Finally, the Board found that plaintiff did not meet the condition in subsection 21A-12.6(d), which requires a front yard setback of thirty feet, unless the sign or the site of the sign is adjacent to a residential zone, in which case the setback must be fifty-feet from the nearest residential structure. Plaintiff's position was it did not require a front yard setback variance, because the proposed location is adjacent to a residential neighborhood and more than fifty

feet from the nearest residential structure. The Board did not expound upon why it rejected plaintiff's interpretation of this subsection.

Before the hearing concluded, the Board determined plaintiff needed four additional variances. In the Board's view, the proposed billboard would violate Bogota's ordinances, necessitating the additional variances, because the billboard would be too high, obstruct light and air, be a traffic hazard, and not be in compliance with the front yard setback requirement.

In its resolution, the Board denied plaintiff its application for "use variance relief," and made the following legal conclusions, most of which were conclusory in nature and untied to any of its factual findings.

> The Board determines that the proposed billboard interfere[s] with the general welfare of the neighboring community. The Board finds that this application constitutes a non-residential use, 57 feet in the air, next to a single family residential community and neighborhood and does not meet the purpose of the Municipal Land Use Law.
>
> The Board finds that the application does not promote a desirable visual environment through good civic design.
>
> The board finds the proposed plan demonstrates significant detriment to the Borough in that the residents of the borough of Bogota and Village of Ridgefield Park are negatively impacted by the location of the billboard in the neighborhood.

There is no inherent benefit posed to the community in that the sign is simply for advertising and does not demonstrate any positive benefit.

The applicant has demonstrated no special reasons for the granting of the variance.

The board finds that the proposed application ignores the goals of the Municipal Land Use Law and Master Plan.

Furthermore the detriment is substantial in that it will substantially alter the nature of a residential neighborhood in the vicinity.

The board finds that the applicant has failed to present any evidence whatsoever that satisfies the negative criteria, in that the relief requested will have a substantial detrimental impact on the Borough Zoning Code and the public good. The proposed use will have a detrimental effect on the surrounding property in that it will adversely alter the character of an existing neighborhood.

The board finds that the applicant has failed to present evidence that establishes the positive criteria for granting of use variance relief under N.J.S.A. 40:55D-70(D)(3) or N.J.S.A. 40:55D-70(D)(1).

On appeal, plaintiff's principal argument is that the Board failed to correctly apply the law for conditional use variances, specifically, Coventry Square, Inc. v. Westwood Zoning Bd. of Adjustment, 138 N.J. 285 (1994).

We note the Board failed to make appropriate findings of fact and conclusions of law in its resolution. Our Supreme Court has noted that "the key to sound municipal decision-making is a clear statement of reasons for the grant or denial of a variance." Kaufmann v. Planning Bd., 110 N.J. 551, 566 (1988). "Local boards and their counsel should take pains to memorialize their decisions in resolutions that explain fully the basis on which the board has acted, with ample reference to the record and the pertinent statutory standards." Commercial Realty & Res. Corp. v. First Atl. Props. Co., 122 N.J. 546, 566-67 (1991). A resolution must contain sufficient findings, based on the proofs submitted, to satisfy a reviewing court that the Board has not acted arbitrarily. See New York SMSA v. Bd. of Adjustment, 370 N.J. Super. 319, 334 (App. Div. 2004). "[A] mere recital of testimony or conclusory statements couched in statutory language" will not suffice. Id. at 332-33.

Here, the Board made certain factual findings, but some key findings were not linked to the evidence in the record. The Board's conclusions of law were

predominantly conclusory statements that merely parroted the language of various laws, and the conclusions were devoid of any analysis or explanation of how its decision complies with the standards set forth in Coventry Square. In the final analysis, the Board's resolution impairs our ability to evaluate the basis for and determine the propriety of its decision.

Therefore, we reverse the trial court's order and vacate the Board's resolution. We remand the matter to the Board for reconsideration of its resolution in accordance with this opinion. Of course, the Board is not precluded from reopening the hearing and considering additional evidence prior to rendering its final decision, if warranted.

Reversed and remanded to the Planning/Zoning Board of the Borough of Bogota for further proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1654-17T4